**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY KLAYMAN<br>7050 W. Palmetto Park Rd<br>Boca Raton FL 33433<br><br>   Plaintiff,<br>v.<br><br>HON. ANNA BLACKBURNE-RIGSBY<br>c/o 500 Indiana Ave NW<br>Washington DC 20001<br><br>  and<br><br>HON. CORRINE A. BECKWITH<br>c/o 500 Indiana Ave NW<br>Washington DC 20001<br><br>  and<br><br>HON. JOSHUA DEAHL<br>c/o 500 Indiana Ave NW<br>Washington DC 20001<br><br>  and<br><br>HON. CATHERINE F. EASTERLY<br>c/o 500 Indiana Ave NW<br>Washington DC 20001<br><br>  and<br><br>HON. STEPHEN H. GLICKMAN<br>c/o 500 Indiana Ave NW<br>Washington DC 20001<br><br>  And<br><br>HON. ROY W. MCLEESE<br>c/o 500 Indiana Ave NW<br>Washington DC 20001 | **COMPLAINT** |

1

and

HON. PHYLLIS D. THOMPSON
c/o 500 Indiana Ave NW
Washington DC 20001

and

HON. JOHN M. FERREN
c/o 500 Indiana Ave NW
Washington DC 20001

and

HON. JOHN R. FISHER
c/o 500 Indiana Ave NW
Washington DC 20001

and

HON. FRANK Q. NEBEKER
c/o 500 Indiana Ave NW
Washington DC 20001

and

HON. VANESSA RUIZ
c/o 500 Indiana Ave NW
Washington DC 20001

and

HON. JOHN M. STEADMAN
c/o 500 Indiana Ave NW
Washington DC 20001

and

HON. ERIC T. WASHINGTON
c/o 500 Indiana Ave NW
Washington DC 20001

And

HON. JULIO CASTILLO
c/o 500 Indiana Ave NW

Washington DC 20001

        Defendants.

## I. INTRODUCTION

Plaintiffs LARRY KLAYMAN ("Mr. Klayman") brings this action against HON. ANNA BLACKBURNE-RIGSBY, HON. CORRINE A. BECKWITH, HON. JOSHUA DEAHL, HON. CATHERINE F. EASTERLY, HON. STEPHEN H. GLICKMAN, HON. ROY W. MCLEESE, HON. PHYLLIS D. THOMPSON, HON. JOHN M. FERREN, HON. JOHN R. FISHER, HON. FRANK Q. NEBEKER, HON. VANESSA RUIZ, HON. JOHN M. STEADMAN, HON. ERIC T. WASHINGTON, and HON. JULIO CASTILLO for violations of his constitutional rights under 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 28 U.S.C. § 1332 (Diversity Jurisdiction) because the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties.

2. Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2), (3) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendants are subject to personal jurisdiction in this District.

## III. PARTIES

### Plaintiff

3. LARRY KLAYMAN is an individual, natural person, who at all material times was and is a citizen of Florida.

### Defendants

3

4. HON. ANNA BLACKBURNE-RIGSBY ("Judge Blacksburne-Rigsby") is on information and belief an individual and a citizen of the District of Columbia. She is the Chief Judge of the District of Columbia Court of Appeals.

5. HON. CORRINE A. BECKWITH ("Judge Beckwith") is on information and belief an individual and a citizen of the District of Columbia. She is an Associate Judge of the District of Columbia Court of Appeals.

6. HON. JOSHUA DEAHL ("Judge Deahl") is on information and belief an individual and a citizen of the District of Columbia. He is an Associate Judge of the District of Columbia Court of Appeals.

7. HON. CATHERINE F. EASTERLY ("Judge Easterly") is on information and belief an individual and a citizen of the District of Columbia. She is an Associate Judge of the District of Columbia Court of Appeals.

8. HON. STEPHEN H. GLICKMAN ("Judge Glickman") is on information and belief an individual and a citizen of the District of Columbia. He is an Associate Judge of the District of Columbia Court of Appeals.

9. HON. ROY W. MCLEESE ("Judge McLeese") is on information and belief an individual and a citizen of the District of Columbia. He is an Associate Judge of the District of Columbia Court of Appeals.

10. HON. PHYLLIS D. THOMPSON ("Judge Thompson") is on information and belief an individual and a citizen of the District of Columbia. She is an Associate Judge of the District of Columbia Court of Appeals.

11. HON. JOHN M. FERREN ("Judge Ferren") is on information and belief an individual and a citizen of the District of Columbia. He is a Senior Judge of the District of Columbia Court of Appeals.

12. HON. JOHN R. FISHER ("Judge Fisher") is on information and belief an individual and a citizen of the District of Columbia. He is a Senior Judge of the District of Columbia Court of Appeals.

13. HON. FRANK Q. NEBEKER ("Judge Nebeker") is on information and belief an individual and a citizen of the District of Columbia. He is a Senior Judge of the District of Columbia Court of Appeals.

14. HON. VANESSA RUIZ ("Judge Ruiz") is on information and belief an individual and a citizen of the District of Columbia. She is a Senior Judge of the District of Columbia Court of Appeals.

15. HON. JOHN M. STEADMAN ("Judge Steadman") is on information and belief an individual and a citizen of the District of Columbia. He is a Senior Judge of the District of Columbia Court of Appeals.

16. HON. ERIC T. WASHINGTON ("Judge Washington") is on information and belief an individual and a citizen of the District of Columbia. He is a Senior Judge of the District of Columbia Court of Appeals.

17. HON. JULIO CASTILLO ("Mr. Castillo") is on information and belief an individual and a citizen of the District of Columbia He is the Clerk of the District of Columbia Court of Appeals.

**IV.   STANDING**

18. Mr. Klayman has standing to bring this action because he has been directly affected, harmed, and victimized by the unlawful conduct complained herein. Their injuries are proximately related to the conduct of Defendants, each and every one of them, jointly and severally.

**V.  FACTS**

19. This case centers around the actions of Defendants in violating Mr. Klayman's rights and discriminating against him in a disciplinary matter styled *In re: Klayman*, 20-BG-583. (the "Disciplinary Proceeding") Mr. Klayman's initial brief and appendix are attached to his sworn affidavit, which is attached hereto as Exhibit 1. This affidavit, initial brief and appendix are incorporated herein as if they are pled in the body of this Complaint. They set forth the underlying facts of the disciplinary proceeding against Mr. Klayman. Filed contemporaneously with this Complaint is also a Motion for Preliminary Injunction, which is also incorporated herein by reference.

20. The Complainant in the Disciplinary Proceeding matter is a Muslim woman of color. Mr. Klayman is a white Jewish male. This disparity, favoritism and the discrimination as pled herein serves as the basis for Mr. Klayman claims under the Equal Protection Clause of the Fourteenth Amendment.

21. From the very outset of this proceeding coming before the District of Columbia Court of Appeals ("DCCA"), it more than appears that Defendants, furthered by the constitutional violations set forth herein, have prejudged this matter, which has severely prejudiced and harmed not just Mr. Klayman but also his clients.

22. This prejudgment is manifested by prima facie violations of many of Mr. Klayman's rights, including due process under the Fourteenth and Fifth Amendments, equal

protection under the Fourteenth Amendment, rights of free speech and legal advocacy under the First Amendment, and right to counsel of choice under the Sixth Amendment to the Constitution during the temporary suspension phase of this proceeding.

23. On October 19, 2020 the DCCA, comprised of each and every Defendant, *sua sponte* issued, without cause the disciplinary matter had not been adjudicated by Defendants, an order to show cause as to why Mr. Klayman should not serve an interim suspension while this matter was being decided, which could take a considerable amount of additional time if a complete and thorough review of the record should ever take place, which it must.

24. Thus, temporary interim discipline, particularly under these egregious and extraordinary circumstances, runs counter to perhaps the most fundamental and basic tenet of our judicial system – that an individual is to be provided due process and equal protection under the law, and thus presumed innocent until proven guilty. However, to the contrary, the Defendants and their DCCA have flipped fundamental constitutional rights on their head, finding Mr. Klayman guilty until he can prove himself innocent.

25. Thus, Mr. Klayman filed an extremely detailed response citing in great detail, with backup citations, substantial evidence to the order to show cause, as well as a supplement, both of which showed why interim discipline was not warranted.

26. However, Defendants ignored Mr. Klayman's submissions and chose instead to impose an interim suspension on January 7, 2021, while providing absolutely no findings of fact and conclusions of law as to how it came to this decision. This prevents Mr. Klayman from effectively challenging this order during the final phase of this appeal, as he has no idea why the DCCA chose to impose interim discipline

27. Indeed, for this fundamental reason, Mr. Klayman filed on January 11, 2021 a Emergency Motion to Vacate Order and Issue Ruing with Factual and Legal Analysis with Established and Mandated Judicial Practice Based on Due Process and Other Constitutional Rights, but this was again summarily denied without any findings of fact and conclusions of law.

28. An order temporarily suspending Mr. Klayman is akin to a preliminary injunction, which means that Mr. Klayman should have been entitled to factual findings and conclusions of law so that he knows what he needs to address in his actual briefs. *As set forth by analogy in* District of Columbia Rule of Civil Procedure 52 (a)(1):

> Unless expressly waived by all parties, in an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record or may appear in an opinion or a memorandum of decision filed by the court and are sufficient if they state the controlling factual and legal grounds of decision.

Part (a)(2) of this Rule with regard to analogous interlocutory injunctions mandates "In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action. Similarly, the Federal Rules of Civil Procedure are substantively the same as the District of Columbia Rules of Civil Procedure See Fed. R. Civ. P. 52(a)(1) – (2):

> (1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.
> (2) For an Interlocutory Injunction. In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

29. Mr. Klayman then attempted to file, pursuant to DCCA Rule 35, a Petition for Rehearing En Banc. However, Mr. Klayman was not even allowed to file this Petition, as it was rejected, by Defendants comprised of the chief judge, this three judge panel and all of the

judges of the DCCA on January 25, 2021 as "invalid material" on the basis that the January 7, 2021 order was an interim suspension pending final disposition. Carrying out the unconstitutional acts of the judges of the DCCA was its Clerk, Julio Castillo, who thus also acted unconstitutionally.

30. However, nothing in DCCA Rule 35 prohibits the filing of a Petition for Rehearing En Banc to challenge an interim order. *See* DCCA Rule 35: "(a) When Hearing or Rehearing En Banc May Be Ordered. A majority of the judges who are in regular active service may order that an appeal or other proceeding be heard or reheard en banc. An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance.

31. Thus, Respondent Larry Klayman's Resubmitted Emergency Petition for Rehearing En Banc to Vacate Three Judge Panel Per Curiam Order of January 7, 2021 and Reissue Order with Factual and Legal Analysis in Accordance with established and Mandated Judicial Practice Based on Due Process and Other Constitutional Rights was refiled to point out that Rule 35 did not prohibit en banc review, but it was apparently summarily rejected again.

32. It appears, once again, that the DCCA was simply looking for a reason to continue to deny Mr. Klayman his due process and equal protection rights by not providing him with any required factual findings and conclusions of law, from which he could logically base his arguments against discipline during this final phase of the proceeding.

33. Because each and every member of the DCCA, all Defendants herein including the Court Clerk, Julio Castillo, who acted at the direction of the Defendants, refused to even consider Mr. Klayman's Petition for Rehearing En Banc, and indeed would not even allow its

filing, each and every Defendant acted upon, has condoned and ratified the constitutional violations herein.

34. To make matters even more egregious and unconstitutional, Mr. Klayman has, until recently, been denied his right to counsel under the Sixth Amendment to the Constitution. From the very outset of this case in the DCCA, Mr. Klayman made it very clear that he wished to be represented by Melissa Isaak, Esq. pro hac vice. In this regard, Ms. Isaak first filed an application for pro hac vice admission on November 11, 2020 and it was not until January 21, 2021 that the DCCA finally directed the clerk to enter Ms. Isaak's appearance. See Order of January 21, 2021 directing Clerk to enter the appearance of Melissa Isaak, Esq. This is an egregious and unconscionable over three-month delay, that is over nine (9) weeks, during which time Mr. Klayman was denied his right to counsel of choice until after the DCCA had already imposed an interim suspension on him.

35. Lastly, Mr. Klayman has informed the DCCA and Defendants on numerous occasions that he was not being served timely with orders from the court, which has caused him prejudice. As set forth in his Motion for Extension of Time of January 3, 2021, he did not learn of the briefing schedule order until sixteen (16) days after it had been issued. This is significant as he lost time to prepare for such a voluminous brief. Tellingly, the DCCA and the Defendants have even refused to address this simple matter, which can be easily fixed.

36. All of this creates much more than a strong inference that the DCCA that all of its Defendants have prejudged the issues by denying Plaintiff Klayman is constitutional rights, notwithstanding the underlying facts of this disciplinary matter which are discussed further in detail below. This total unconstitutional breakdown of the disciplinary process requires this Court to remedy this clear wrong. Mr. Klayman thus respectfully requests that the Court

immediately grant injunctive relief and order the lifting of the temporary suspension and order that Defendants thoroughly review the record to prevent a further and at this point compounded miscarriage of justice.

37. Mr. Klayman is left with no legal recourse but to file this action. Mr. Klayman has no adequate remedy at law as he has exhausted all such avenues before the Defendants. On February 9, 2021, Mr. Klayman filed an Emergency Motion of Respondent Larry Klayman to Rescind Temporary Suspension Order of January 7, 2021, but Defendants have refused to act, further evidencing that he has no adequate remedy at law. Exhibit 2.

38. Mr. Klayman has suffered irreparable harm to my reputation and ability to practice law as a public interest attorney advocate and private practitioner. His current clients and prospective clients have been harmed as well. As set forth in Exhibit 1, as just one example, the Defendants' temporary suspension order is being used against him in *Luhn v. Scott et al*, 19-7146 (D.C. Cir.), where Plaintiff Klayman represents Laura Luhn in her appeal. This has also irreparably harmed him and his clients in *Strange v. Islamic Republic of Iran et al*, 14-cv-435 (D.D.C), where one of the Plaintiffs that Mr. Klayman had been representing terminated his representation. As yet unknown in its entirely are those prospective clients who have not retained Plaintiff because of the unconstitutional temporary suspension. More continuing damage will follow if equitable relief is not granted preliminarily and permanently.

**FIRST CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Fourteenth Amendment Due Process**

39. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

40. Defendants, at all material times, were acting under the color of state law.

41. Defendants' actions and omissions constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

42. Defendants denied Mr. Klayman due process by refusing to provide any legal and factual analysis, much more findings of fact and conclusions of law, in their orders temporarily suspending him while his disciplinary proceeding was taking place, and also by refusing to even consider his Petition for Rehearing En banc.

43. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

**SECOND CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Fifth Amendment Due Process**

44. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

45. Defendants, at all material times, were acting under the color of state law.

46. Defendants' actions and omissions constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

47. Defendants denied Mr. Klayman due process by refusing to provide any legal and factual analysis, much more findings of fact and conclusions of law, in their orders temporarily suspending him while his disciplinary proceeding was taking place, and also by refusing to even consider his Petition for Rehearing En banc.

48. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

**THIRD CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*

**42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection**

49. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

50. Defendants, at all material times, were acting under the color of state law.

51. Defendants' actions and omissions constituted a violation to Mr. Klayman constitutional rights secured by the Equal Protection Clause of the Fourteenth Amendment.

52. Defendants engaged in discriminatory and unconstitutional behavior against Mr. Klayman due to his status as a Caucasian, white Jewish male, as opposed to the complainant who is a Muslim woman of color.

53. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

**FOURTH CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – First Amendment**

54. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

55. Defendants, at all material times, were acting under the color of state law.

56. Defendants' actions and omissions constituted a violation to Mr. Klayman's constitutional rights secured by the Free Speech clause of the First Amendment.

57. Defendants order temporarily suspending Mr. Klayman prevents him from engaging in free speech and advocacy as an attorney, both in a public interest capacity and as a private practitioner.

58. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

## FIFTH CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Sixth Amendment Right to Counsel**

59. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

60. Defendants, at all material times, were acting under the color of state law.

61. Defendants' actions and omissions constituted a violation to Mr. Klayman constitutional rights secured by the Sixth Amendment's right to counsel of choice.

62. Mr. Klayman was deprived of his right to be represented by Melissa Isaak Esq. until after Defendants issued an order temporarily suspending him.

63. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

**VI.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against each of the Defendants for declaratory and preliminarily and permanent injunctive relief, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants, each and every one of them, against Mr. Klayman.

Dated: February 17, 2021                    Respectfully submitted,

                                            */s/ Larry Klayman*
                                            Larry Klayman
                                            KLAYMAN LAW GROUP, P.A.
                                            7050 W. Palmetto Park Rd
                                            Boca Raton, FL, 33433
                                            Email: leklayman@gmail.com

                                            Plaintiff Pro Se