IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN<br><br>          Plaintiff,<br>v.<br><br>HON. ANNA BLACKBURNE-RIGSBY, et al<br><br>          Defendants. | CASE NO: 21-cv-409 |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Larry Klayman ("Mr. Klayman") hereby moves for a preliminary injunction to enjoin the Defendants from temporarily suspending him from practice as an attorney in the District of Columbia while a bar disciplinary proceeding is pending. Pursuant to LCvR 65.1(d), generally, "a hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing…." Thus, Mr. Klayman respectfully requests that this Court set a hearing date for an evidentiary hearing and oral argument at this Court's earliest possible convenience, given the imminent irreparable injury to Mr. Klayman as set forth in detail below.

**I.    STATEMENT OF RELEVANT FACTS**

This case centers around the actions of Defendants in violating Mr. Klayman's rights and discriminating against him in a disciplinary matter styled *In re: Klayman*, 20-BG-583. (the "Disciplinary Proceeding"). Mr. Klayman is submitting a sworn affidavit, attached hereto as Exhibit 1, which incorporates the initial brief and its appendix that he submitted in the Disciplinary Proceeding, which he swears under oath is accurate. The initial brief and appendix are incorporated herein by record, and set forth the background, underlying facts of the

1

disciplinary proceeding against Mr. Klayman.

From the very outset of this proceeding coming before the District of Columbia Court of Appeals ("DCCA"), it more than appears that the DCCA has prejudged this matter, which has severely prejudiced and harmed not just Mr. Klayman but also his clients. This prejudgment is manifested by prima facie violations of many of Mr. Klayman's rights, including equal protection, due process, First Amendment, and Sixth Amendment right to counsel of choice during the temporary suspension phase of this proceeding.

On October 19, 2020 the DCCA, comprised of each and every Defendant, *sua sponte* issued an order to show cause as to why Mr. Klayman should not serve an interim suspension while this matter was being decided, which could take a considerable amount of additional time if a complete and thorough review of the record should ever take place, which it must. Thus, temporary interim discipline, particularly under these egregious and extraordinary circumstances, runs counter to perhaps the most fundamental and basic tenet of our judicial system – that an individual is to be provided due process and equal protection under the law, and thus presumed innocent until proven guilty. However, to the contrary, the DCCA and its Defendants herein have flipped fundamental constitutional rights on their head, finding Mr. Klayman guilty until he can prove himself innocent.

Thus, Mr. Klayman filed an extremely detailed response citing in great detail, with backup citations, substantial evidence to the order to show cause, as well as a supplement, both of which showed why interim discipline was not warranted.

However, Defendants appear to have ignored Mr. Klayman's submissions and chose instead to impose an interim suspension on January 7, 2021, while providing absolutely no legal or factual analysis as to how it came to this decision. This prevents Mr. Klayman from

effectively challenging this order during the final phase of this appeal, as he has no idea why the Court chose to impose interim discipline, and thus evidences a total lack of due process among other constitutional violations as pled herein. Indeed, for this fundamental reason, Mr. Klayman filed on January 11, 2021 a Emergency Motion to Vacate Order and Issue Ruing with Factual and Legal Analysis with Established and Mandated Judicial Practice Based on Due Process and Other Constitutional Rights, but this was again summarily denied without any legal or factual analysis.

An order temporarily suspending Mr. Klayman is akin to a preliminary injunction, which means that Mr. Klayman should have been entitled to factual findings and conclusions of law so that he knows what he needs to address in his actual briefs. *As set forth by analogy in* District of Columbia Rule of Civil Procedure 52 (a)(1):

> Unless expressly waived by all parties, in an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record or may appear in an opinion or a memorandum of decision filed by the court and are sufficient if they state the controlling factual and legal grounds of decision.

Part (a)(2) of this Rule with regard to analogous interlocutory injunctions mandates "In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action. Similarly, the Federal Rules of Civil Procedure are substantively the same as the District of Columbia Rules of Civil Procedure See Fed. R. Civ. P. 52(a)(1) – (2):

> (1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.
> (2) For an Interlocutory Injunction. In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

Mr. Klayman then attempted to file, pursuant to DCCA Rule 35, a Petition for Rehearing En Banc. However, Mr. Klayman was not even allowed to file this Petition, as it was rejected, apparently by the chief judge, this three judge panel and all of the judges of the DCCA, on January 25, 2021 as "invalid material" on the basis that the January 7, 2021 order was an interim suspension pending final disposition. However, nothing in DCCA Rule 35 prohibits the filing of a Petition for Rehearing En Banc to challenge an interim order. *See* DCCA Rule 35:

> (a) When Hearing or Rehearing En Banc May Be Ordered. A majority of the judges who are in regular active service may order that an appeal or other proceeding be heard or reheard en banc. An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance.

Thus, Respondent Larry Klayman's Resubmitted Emergency Petition for Rehearing En Banc to Vacate Three Judge Panel Per Curiam Order of January 7, 2021 and Reissue Order with Factual and Legal Analysis in Accordance with established and Mandated Judicial Practice Based on Due Process and Other Constitutional Rights was refiled to point out that Rule 35 did not prohibit en banc review, but it was apparently summarily rejected again. The clerk of the court, who rejected Mr. Klayman's filings, was doing the bidding of Defendants as their agent and therefore is liable as well, the clerk's actions were contrary to Rule 35 of the DCCA. It appears, once again, that the Defendants was simply looking for a reason to continue to deny Mr. Klayman his due process, equal protection rights and other constitutional rights as pled herein, by not providing him with any required factual findings and conclusions of law, from which he could logically base his arguments against discipline during this final phase of the proceeding.

Because each and every member of the DCCA refused to even consider Mr. Klayman's Petition for Rehearing En Banc, and indeed would not even allow its filing, each and every Defendant has committed, or condoned or ratified the constitutional violations herein.

To make matters even worse, Mr. Klayman has, until recently, been denied his right to counsel under the Sixth Amendment to the Constitution. From the very outset of this case in the DCCA, Mr. Klayman made it very clear that he wished to be represented by Melissa Isaak, Esq. pro hac vice. In this regard, Ms. Isaak first filed an application for pro hac vice admission on November 11, 2020 and it was not until January 21, 2021 that the Court finally directed the clerk to enter Ms. Isaak's appearance. *See* Order of January 21, 2021 directing Clerk to enter the appearance of Melissa Isaak, Esq. This is an egregious and unconscionable over three-month delay, that is over nine (9) weeks, during which time Mr. Klayman was denied his right to counsel of choice until after the DCCA had already imposed an interim suspension on him.

Lastly, Mr. Klayman has informed the DCCA and its Defendants on numerous occasions that he was not being served timely with orders from the DCCA which has caused him prejudice. As set forth in his Motion for Extension of Time of January 3, 2021, he did not learn of the briefing schedule order until sixteen (16) days after it had been issued. This is significant as he lost time to prepare for such a voluminous brief. Tellingly, the DCCA and its Defendants have even refused to address this simple matter, which can be easily fixed.

All of this creates much more than a strong inference that the DCCA and its Defendants have prejudged the issues, notwithstanding the underlying facts of this disciplinary matter which are discussed further in detail below. This total breakdown of the disciplinary process requires this Court to remedy this clear wrong. Mr. Klayman thus respectfully requests that the Court or that the temporary suspension be immediately lifted the temporary suspension and order that

Defendants thoroughly review the record to prevent a further and at this point compounded miscarriage of justice.

Mr. Klayman is left with no legal recourse but to file this action. Mr. Klayman has no adequate remedy at law. On February 9, 2021, Mr. Klayman filed an Emergency Motion of Respondent Larry Klayman to Rescind Temporary Suspension Order of January 7, 2021, but Defendants have refused to act, further evidencing that he has no adequate remedy at law. Exhibit 2. Furthermore, Mr. Klayman incorporates the facts and legal argument set forth in his Affidavit, attached as Exhibit 1.

## II.     LEGAL STANDARD

When ruling on a motion for preliminary injunction, a court must consider "whether (1) the plaintiff has a substantial likelihood of success on the merits; (2) the plaintiff would suffer irreparable injury were an injunction not granted; (3) an injunction would substantially injure other interested parties; and (4) the grant of an injunction would further the public interest." *Sottera, Inc. v. Food & Drug Admin.*, 627 F.3rd 891, 893 (D.D.C. 2010) (internal quotation marks omitted); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977).

The D.C. Circuit has traditionally applied a 'sliding scale' approach to these four factors, viewing them as a continuum where greater strength in one factor compensates for less in the other: "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 739, 747 (D.C. Cir. 1995); *Davis v. Pension Benefit Guar. Corp.*, 571 F.3rd 1288, 1291 (D.C. Cir. 2009). In other words, "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644. F.3d 388, 392 (D.C. Cir.

2011).

I. <u>**LEGAL ANALYSIS**</u>

    A. <u>**Mr. Klayman is Entitled to a a Preliminary Injunction Enjoining Defendants Issuing Interim Discipline During an Ongoing Bar Disciplinary Proceeding**</u>

        1. **Substantial Likelihood of Success on the Merits**

As set forth in Mr. Klayman's fact-oriented Complaint, he has a strong likelihood of success on the merits. It is indisputable that he has had his constitutional rights violated, as he has been deprived even basic due process before the DCCA. Indeed, as the order temporarily suspending Mr. Klayman is akin to a preliminary injunction, Mr. Klayman was entitled to factual findings and conclusions of law so that he knows what he needs to address in his actual briefs. As set forth in District of Columbia Rule of Civil Procedure 52(a)(1):

> Unless expressly waived by all parties, in an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record or may appear in an opinion or a memorandum of decision filed by the court and are sufficient if they state the controlling factual and legal grounds of decision.

And our Founding Father and third American president, who was also a lawyer, Thomas Jefferson, emphasized why each judge must state the factual and legal reasons in their orders:

> The Judges holding their offices for life are under two responsibilities only. 1. Impeachment. 2. Individual reputation. But this practice completely withdraws them from both. For nobody knows what opinion any individual member gave in any case, nor even that he who delivers the opinion, concurred in it himself. Be the opinion therefore ever so impeachable, having been done in the dark it can be proved on no one. As to the 2d guarantee, personal reputation, it is shielded completely. **The practice is certainly convenient for the lazy, the modest, & the incompetent. It saves them the trouble of developing their opinion methodically and even of making up an opinion at all**. That of seriatim argument shews whether every judge has taken the trouble of understanding the case, of investigating it minutely, and of forming an opinion for himself, instead of pinning it on another's sleeve. It would certainly be (not be) right to abandon

> this practice in order to give to our citizens one and all, that confidence in their judges which must be so desirable to the judges themselves, and so important to the cement of the union.

Letter from Thomas Jefferson to William Johnson (Oct. 27, 1822)(emphasis added). Denial of this basic right is a denial of due process that evidences how the Defendants have prejudged his disciplinary proceeding and are exhibiting bias and prejudice towards him.

Accordingly, there is also a substantial likelihood of success on the merits of his other claims under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. As set forth in his Complaint, the complainant in the bar disciplinary proceeding is a Muslim woman of color, whose credibility impeached, to say the least. She even impeached herself numerous times, as shown in Exhibit 1 to the Complaint. However, the Defendants have appeared to accept her recital of the "facts" without question simply because she is a Muslim woman of color, whereas Mr. Klayman is a white Jewish Christian man. This clearly disparate treatment is a violation of the Equal Protection rights guaranteed to Mr. Klayman under the Fourteenth Amendment. Regrettably in today's world, white males are often at a huge "disadvantage" – to put it most diplomatically -- particularly with regard to a female of color

Lastly, by temporarily suspending Mr. Klayman, the Defendants have taken away his ability to practice law and therefore advocate publically. Mr. Klayman is a public interest lawyer and private practitioner, so he needs his law license in order to exercise his First Amendment rights. A temporary suspension order removes his ability to practice law, and therefore his constitutional First Amendment rights.

### 2.  Mr. Klayman Would Suffer Irreparable Injury

It has long been established that the loss of constitutional freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Mills v. District of Columbia*, 571

F.3d 1304, 1312 (D.C. Cir. 2009) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). Here, Mr. Klayman has been deprived of numerous constitutional rights, which constitutes irreparable injury.

Furthermore, Mr. Klayman has suffered other irreparable injury in the form of injury to his reputation as a lawyer, as well as injury to his clients. By not being able to practice law in the District of Columbia, he has lost potential clients and his current clients have suffered as he suddenly has to withdraw in the middle of pending litigation, leaving them 'in the lurch." This is set forth in Mr. Klayman's affidavit, attached hereto as Exhibit 1. Mr. Klayman has suffered irreparable harm to his reputation and ability to practice law as a public interest attorney and advocate. His current clients and prospective clients have been harmed as well. As set forth in Exhibit A, as just one example, the Defendants' temporary suspension order is being used against him in *Luhn v. Scott et al*, 19-7146 (D.C. Cir.), where he represents Laura Luhn in her appeal. This has also irreparably harmed Mr. Klayman's clients in *Strange v. Islamic Republic of Iran et al*, 14-cv-435 (D.D.C).

### 3. A Preliminary Injunction Would Not Substantially Injure Any Other Interested Parties

There is absolutely no harm to the Defendants if a preliminary injunction is entered. Defendants are not in any way affected by Mr. Klayman continuing to practice law while his disciplinary proceeding is decided.

### 4. A Preliminary Injunction Furthers the Public Interest

"[I]t is always in the public interest to prevent the violation of a party's constitutional rights.'" *Am. Freedom Def. Initiative v. Wash. Metro. Area Transit Auth.*, 898 F.Supp.2d 73, 84 (D.D.C. 2012) (internal quotations and citations omitted); *see also Nat'l Fed'n of Fed. Emps. v. Carlucci*, 680 F. Supp. 416 (D.D.C. 1988) ("[T]he public interest lies in enjoining

9

unconstitutional searches."). Here, Mr. Klayman's constitutional rights are clearly being implicated, and therefore it is in the public's interest for the Court to step in and intervene immediately

## II.     **CONCLUSION**

For the foregoing reasons, the Court should grant Mr. Klayman's motion for preliminary injunction and enjoin the Defendants from temporarily suspending him while his disciplinary proceeding is being decided so that his constitutional rights, as well as the rights of his clients, are not further harmed.

Dated: February 17, 2021                                            Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman
KLAYMAN LAW GROUP, P.A
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: (561)-558-5336
Email: leklayman@gmail.com

Plaintiff Pro Se