UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-0409 (ABJ) |
| | ) | |
| HON. ANNA | ) | |
| BLACKBURNE-RIGSBY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On February 17, 2021, plaintiff Larry Klayman filed a complaint and a motion for a preliminary injunction against the thirteen judges of the District of Columbia Court of Appeals ("DCCA") and the Clerk of that court. Compl. [Dkt. # 1]; Mot. for Prelim. Inj. [Dkt. # 2]. Plaintiff challenges an order the DCCA issued on January 7, 2021 that temporarily suspended him from the practice of law in the District of Columbia pending resolution of a disciplinary action against him in accordance with D.C. Bar XI § 9(g)(2)(a). Compl. ¶¶ 19, 26. Plaintiff also challenges the DCCA's denial of an emergency motion to vacate the order, its rejection of his petition for rehearing en banc, and the court's handling of various filings in the matter. *Id.* ¶¶ 27–35. The complaint includes five claims brought under 42 U.S.C. § 1983, the civil rights statute that provides individuals the right to sue state officials acting under the color of law for alleged violations of their constitutional rights. *Id.* ¶¶ 39–63. Plaintiff asks the Court to enjoin defendants "from temporarily suspending him from practice as an attorney in the District of Columbia while a bar disciplinary proceeding is pending," Mot. for Prelim. Inj. at 1, 10, and for "declaratory and preliminarily and permanent injunctive relief." Compl. at 14 (Prayer for Relief).

On February 24, 2021, the Court ordered plaintiff to show cause why his claims should not be dismissed on the basis that defendants have judicial immunity. Minute Order (Feb. 24, 2021). Plaintiff responded on March 3, 2021. Pl.'s Resp. to Order to Show Cause [Dkt. # 10] ("Pl.'s Resp."). On March 16, 2021, the Court also directed defendants to address the issue of judicial immunity. *See* Minute Order (Mar. 16, 2021). Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on April 6, 2021, asserting that the matter should be dismissed on the basis of judicial immunity, among other reasons, and the motion is fully briefed. *See* Defs.' Mot. to Dismiss [Dkt. # 18]; Defs.' Supp. Mem. [Dkt. # 18-1] ("Defs.' Mem."); Pl.'s Opp. to Defs.' Mot. to Dismiss [Dkt. # 21]; Defs.' Reply in Supp. of Mot. to Dismiss [Dkt. # 25].

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*.,

quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

**I.  Plaintiff's action is barred by section 1983.**

Section 1983 enables individuals to bring a civil action against state officials acting under the color of state law, including officials of the District of Columbia, for violations of the Constitution, but it contains a significant exception:

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (1996).

Notwithstanding this provision, plaintiff maintains that his section 1983 action for injunctive relief is not barred by judicial immunity. *See* Pl.'s Resp. at 8–10 (arguing that "based on well-settled and established case law," judicial immunity does not preclude this case because it seeks only injunctive and declaratory relief, and not monetary damages). Citing a Supreme Court decision from 1984, plaintiff submits that "judicial immunity is not a bar to prospective injunctive relief against [judicial officers] acting in [their] judicial capacity." *Id.*, quoting *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); *see also Wagshal v. Foster*, 28 F.3d 1249, 1251 (D.C. Cir. 1994).[1] But this argument ignores the statutory immunity Congress accorded judges after *Pulliam* and *Wagshal*.

*Pulliam* involved a section 1983 action against a state magistrate judge who regularly jailed individuals arrested for non-jailable misdemeanors when they were unable to meet the bail obligations she imposed. 466 U.S. at 525–26. The district court enjoined what it found to be the magistrate judge's practice of jailing non-incarcerable defendants for failing to make bail, and it granted attorneys' fees to plaintiffs. *Id.* at 526–27. The matter reached the Supreme Court, which

---

1   Plaintiff does not contend that defendants were not acting in their judicial capacity. *See* Pl.'s Resp. at 8–12. Nor could he. Defendants issued the temporary suspension order pursuant to their authority to establish rules governing the "admission of persons to membership in its bar, and their censure, suspension, and expulsion." D.C. Code § 11-2501(a). The application of those rules in plaintiff's disciplinary proceeding is a function *only* performed by judges of the DCCA. *See id.*; D.C. Bar Rule XI § 9(g); *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (the inquiry into judicial capacity asks "whether it is a function normally performed by a judge . . . to the expectations of the parties"); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (same).

4

analyzed the common law to determine whether the judge was immune. *Id*. at 541–42; *see id.* at 529–538 (analyzing common law history from the King's use of prerogative writs through modern day jurisprudence). It concluded that "at least in the view of the common law, there was no inconsistency between a principle of immunity that protected judicial authority from 'a wide, wasting, and harassing persecution,' and the availability of collateral injunctive relief in exceptional cases." *Id*. at 536 (internal citation omitted). It held that "Congress intended § 1983 to be an independent protection for federal rights and [found] nothing to suggest that Congress intended to expand the common-law doctrine of judicial immunity to insulate state judges completely from federal collateral review." *Id.* at 541. Notably, though, the Court added that "it is for Congress, not this Court, to determine whether and to what extent to abrogate the judiciary's common-law immunity." *Id.* at 543.

In 1996, Congress weighed in, enacting the Federal Courts Improvement Act ("FCIA") to amend section 1983. Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified at 42 U.S.C. § 1983); *see* S. Rep. No. 104–366, at 36–37 (1996) (explaining that Congress sought to "restore[ ] the doctrine of judicial immunity to the status it occupied prior to . . . *Pulliam*," which "weakened judicial immunity protections"). Section 1983 "as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial officers against suits for injunctive relief." *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (finding that District of Columbia Superior Court judges, who established a system for appointing attorneys eligible to receive compensation under Criminal Justice Act in juvenile delinquency matters, were immune from section 1983 suit for injunctive relief related to those acts); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 (as amended by the FCIA) . . . provides judicial officers immunity from injunctive relief even when the common law would not."); *Ray v. Jud. Corr. Servs., Inc.*, No. 12-02819,

5

2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014) ("It cannot be seriously disputed that, after the FCIA, judicial immunity typically bars claims for prospective injunctive relief against judicial officers acting in their judicial capacity. . . . The abrogation of *Pulliam* has been widely recognized.").

Plaintiff ignores the distinction between the statutory judicial immunity that Congress created when it amended section 1983 and the common law judicial immunity at issue in *Pulliam*. He directs the Court to *Smith v. Scalia*, 44 F. Supp. 3d 28 (D.D.C. 2014), which cited *Pulliam* and *Wagshal,* and he argues that it stands for the principle that the defendants are not immune. Pl.'s Resp. at 9. But plaintiff misunderstands that district court opinion. *Smith* did not involve claims against state court judges; it involved claims against federal judges, and section 1983 was inapplicable. 44 F. Supp. 3d at 40. Therefore, the court treated the claims as if they were brought under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971),[2] and cited *Pulliam* when it observed, before dismissing the case on other grounds, that judicial officers acting in their judicial capacity are not immune under common law from claims seeking prospective injunctive relief. *Smith,* 44 F. Supp. 3d at 42–43.

Plaintiff also argues that the language in section 1983 that states that judges are immune "unless a declaratory decree was violated or declaratory relief was unavailable" saves his complaint from dismissal. He contends that "declaratory relief [is] unavailable" to him because his "requests for rehearing and then en banc [were] his only chance at declaratory relief," and he "had no other remedy at law but to file this Complaint for injunctive relief." Pl.'s Resp. at 10–11. But as another court in this district held in *Hoai v. Superior Ct. of Dist. of Columbia*, 539 F. Supp.

---

2   *Bivens* authorizes individuals to bring civil actions for violations of constitutional rights against federal officials acting under color of federal law. *See* 403 U.S. 388.

6

2d 432, 435 (D.D.C. 2008), "failure to get one's desired decisions in our local courts does not constitute such 'unavailability' and the suit must therefore be dismissed." *See also Roth*, 449 F.3d at 1286–87 (finding that declaratory relief was not "unavailable" in a challenge to D.C. Superior Court judges' decisions regarding CJA appointments and compensation).  "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim liability for a past act." *Just. Network Inc. v. Craighead Cty.*, 931 F.3d 753, 764 (8th Cir. 2019), quoting *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008).

Here, the lawsuit only attacks past actions of the defendants.  *See* Compl. ¶¶ 26–35 (challenging defendants' January 7, 2021 interim suspension order, denial of his emergency motion to vacate the temporary suspension, rejection of his petition for rehearing en banc, and the court's handling of his attorney's motion to appear pro hac vice and other filings).  Asking the Court to declare defendants' past actions to be unconstitutional and to enjoin them does not transform his claims into an action for "declaratory relief" within the meaning of the section 1983 exception.  *See Just. Network*, 931 F.3d at 764 (finding that the plaintiff was not entitled to relief under section 1983 when he asked the court to invalidate the past actions of the judges and holding that "declaratory relief is limited to *prospective* declaratory relief").

Further, plaintiff is not without legal recourse, as he asserts.  Pl.'s Resp. at 11.  He may appeal a final decision of the DCCA to the United States Supreme Court.  *See* 28 U.S.C. § 1257 (providing for review by the Supreme Court of the constitutionality of final judgments or decrees rendered by the highest court of a state, including the District of Columbia Court of Appeals); *William Penn Apartments v. Dist. of Columbia Ct. of Appeals*, 39 F. Supp. 3d 11, 19 (D.D.C. 2014), citing *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004) ("The

D.C. Court of Appeals' decision . . . does not make declaratory relief unavailable because [plaintiff] could have petitioned for a writ of certiorari in the Supreme Court under 28 U.S.C. § 1257.").

## II. The *Bivens* cases that plaintiff cites are in inapposite.

Finally, plaintiff cites three cases involving claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff argues that the cases are analogous because they show "there is simply no 'absolute immunity,' whether judicial or otherwise, when government officials or judges violate an individual's constitutional rights." Pl.'s Resp. at 9, n.2; *see also id.* at 11–12.

But that is beside the point. Plaintiff is not suing federal officials, and the cases plaintiff cites did not rule on the basis of judicial immunity. In the first case, *Hagan v. Coggins*, the Fifth Circuit held that the *Bivens* claims were appropriately dismissed and did not address judicial immunity. No. 00-11272, 2001 WL 822687, at *1 (5th Cir. June 29, 2001) (per curium) ("Hagan's claims against [Chief Judge] Buchmeyer were dismissed on summary judgment, without a ruling on the immunity issue."). And the other two cases do not involve judicial immunity at all. *See Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001) (involving claims against FBI employees); *Navab-Safavi v. Broad. Bd. of Governors*, 650 F. Supp. 2d 40, 46 (D.D.C. 2009), *aff'd sub nom. Navab-Safavi v. Glassman*, 637 F.3d 311 (D.C. Cir. 2011) (action against the Broadcasting Board of Governors and its officers).

Accordingly, based on the clear language of section 1983, the Court finds that defendants are immune from plaintiff's claims.[3]

---

3  Judicial immunity extends to court clerks "who perform tasks that are an integral part of the judicial process." *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (internal quotation marks omitted); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("[C]lerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process.").

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. # 18] will be GRANTED, and plaintiff's Motion for Preliminary Injunction [Dkt. # 2] will be DENIED as moot.

AMY BERMAN JACKSON
United States District Judge

DATE: June 28, 2021